ROBERT S. BREWER, JR.
United States Attorney
AARON P. ARNZEN (CA Bar No. 218272)
ANDREW J. GALVIN (CA Bar No. 261925)
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8384 / 9721
Email: Aaron.Arnzen@usdoj.gov / Andrew.Galvin@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GANNON GIGUIERE (1),<br>OLIVER LINDSAY (2),<br><br>Defendants. | Case No.: 18CR3071-WQH<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT LINDSAY'S MOTIONS TO: COMPEL DISCOVERY, COMPEL REQUIRED NOTICE, PRESERVE EVIDENCE, AND SEVER HIS TRIAL**<br><br>Date:        August 5, 2019<br>Time:        2:00 P.M.<br>Courtroom:   14-B<br><br>**HON. WILLIAM Q. HAYES** |

The UNITED STATES OF AMERICA, by and through its counsel Robert S. Brewer, Jr., United States Attorney, and Aaron P. Arnzen and Andrew J. Galvin, Assistant U.S. Attorneys, files this response in opposition to defendant Oliver Lindsay's motions to compel discovery, compel required notice, preserve evidence, and sever trial.

## I.

## STATEMENT OF RELEVANT FACTS

On June 29, 2018, a grand jury impaneled in the Southern District of California handed down an indictment charging Defendants Gannon Giguiere and Oliver Lindsay for their participation in two securities fraud schemes. ECF No. 1. Those schemes involved manipulating the market for the stock of Kelvin Medical Corp. (ticker: KVMD)

and Eco Science Solutions, Inc. (ticker: ESSI).   The superseding indictment, handed down on January 25, 2019, alleges that Giguiere and Lindsay engaged in a market manipulation / pump-and-dump scheme surrounding KVMD stock by:

- Controlling the stock and important operations of KVMD.  *Id.* at ¶ 23a, c, d.
- Concealing their control.  *Id.* at ¶ 23b.
- Engaging in pre-arranged, coordinated trades to artificially increase the price and volume of KVMD stock.  *Id.* at ¶ 23e-f.
- Hiring call-room operators to call securities brokers and convince the brokers to purchase KVMD stock in their clients' accounts.  *Id.* at ¶ 23g.
- Changing KVMD's purported strategy and products.  Prior to the conspirators' involvement, the company offered a hot/cold pack; afterwards, it purportedly had "evolved into an early stage telehealth wearable technology company," and "intend[ed] to leverage artificial intelligence and machine learning combined with the latest advancements in monitoring and therapeutic delivery technologies."  *Id.* at ¶ 23h.
- Promoting KVMD and its stock on TheMoneyStreet.com, a stock promotion website controlled by Giguiere.  *Id.* at ¶ 23i.
- Selling KVMD stock into the rising market to unsuspecting investors.  *Id.* at ¶ 23k.

The superseding indictment also alleges that Giguiere (but not Lindsay) participated in a very similar scheme surrounding ESSI stock, which took place prior to the KVMD scheme.  *Id.* at ¶¶ 29-37.

## II.

## DISCUSSION

The United States does not oppose Defendant Lindsay's motions with three exceptions, described below.

**A.      The Discoverability of Materials Not in the Possession of the United States Attorney's Office**

Lindsay's motion briefly raises the issue concerning the discoverability of materials not in the possession of the United States Attorney's Office that Mr. Giguiere already litigated at length before this Court.  Lindsay's motion (1) states that "material may be discoverable even if it is in the custody and control or an agency that was not involved with the criminal investigation," ECF 124-1 at 2:18-20, and (2) "requests any evidence that any prospective witness or party who contributed to the investigation in this case is or was under investigation by any federal, state or local authorities for any criminal or regulatory misconduct, including SEC violations." *Id.* at 4:19-23.   The United States has complied with the Court's order on Giguiere's motion regarding the same issues.  The related facts and disclosures are set forth at docket numbers 86, 86-1, 96, and 107.  To the extent Lindsay wishes to re-litigate the issue or clarify the Court's ruling, he should be ordered to specifically identify the information or materials that he seeks.

**B.      Witness Addresses**

Lindsay requests the addresses of and contact information for witnesses favorable to the defendant, for the defendant himself, and for witnesses for the United States.  ECF 124-1 at 5:11-17, 8:6-7, and 11-16.  The United States opposes these requests.

Rule 16 does not mandate that the United States disclose the names and addresses of its witnesses.  *United States v. Bejasa*, 904 F.2d 137, 139-140 (2d Cir. 1990) (holding that the government did not improperly deny defendant access to government witnesses whose contact information the government refused to provide because defendant knew the witnesses' identity and presumably knew their telephone numbers or could have contacted them through the exercise of due diligence; "Fed.R.Crim.P. 16 does not require the Government to furnish the names and addresses of its witnesses in general. . . . [Moreover], in the absence of 'a specific showing that disclosure was both material to the

preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case,' . . . the district court could not be said to have abused its discretion in not compelling such disclosure."); *see also United States v. Payseur*, 501 F.2d 966, 972 (9th Cir. 1974); *United States v. Gomez*, No. CR 13-00282 PJH (DMR), 2014 WL 231984, *6 (N.D. Ca. Jan. 21, 2014).  The Court does, nonetheless, have the power to compel disclosure of witnesses' contact information.  *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980).  One overriding factor counsels against the Court using that power here. Simply put, Lindsay has not established the "inability to learn the whereabouts of . . . witnesses . . . through normal investigative techniques," <u>Sims</u>, 637 F.2d at 629, and offers no facts suggesting that he has made any effort to locate the witnesses.  The Court should not compel disclosure of contact information that Lindsay could obtain through his own diligence.

**C.    Severance**

Lindsay has moved to sever his trial from that of Giguiere.  However, Giguiere has signed a plea agreement and is scheduled to enter a guilty plea on July 23, 2019 before Magistrate Judge McQuaid.  This will resolve the case against Giguiere.   The United States therefore requests that the Court deny this motion as moot.

### III

### <u>CONCLUSION</u>

For the reasons stated above, the United States does not oppose Oliver Lindsay's motions, except as stated above.

DATED:    July 22, 2019.                              Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

*/s/ Aaron P. Arnzen*

AARON P. ARNZEN
ANDREW J. GALVIN
Assistant U.S. Attorneys